**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF KENTUCKY**
**NORTHERN DIVISION**
**AT COVINGTON**

CIVIL ACTION NO. 16-208-DLB-CJS

MARY S. KENNEY                                                                    PLAINTIFF

vs.                          <u>MEMORANDUM OPINION & ORDER</u>

STRAUSS TROY CO., LPA, ET AL.                                           DEFENDANTS

* * * * * * * * * * * *

This matter is before the Court on Plaintiff Mary Kenney's Motion to Remand this
legal malpractice action to Kenton County Circuit Court. (Doc. # 13). For the reasons set
forth below, Plaintiff's Motion to Remand is **denied**.

**I.      Factual and Procedural Background**

In November of 2016, Plaintiff Kenney filed a complaint in Kenton County Circuit
Court alleging legal malpractice against Defendant Philomena Ashdown and respondeat
superior liability against Ashdown's employer, naming as Defendants the law firm Strauss
Troy Co., LPA (Strauss Troy LPA) and Strauss Troy Co., PSC (Strauss Troy PSC). (Doc.
# 1-2). Defendants Ashdown and Strauss Troy LPA removed the case to this Court,
claiming the Court has diversity jurisdiction under 28 U.S.C. § 1332(a) because Plaintiff is
a citizen of Kentucky and Defendants Ashdown and Strauss Troy LPA are citizens of Ohio.
(Doc. # 1). Defendants also asserted that Defendant Strauss Troy PSC is not a
professional service corporation organized under Kentucky law, but instead is a fictitious
entity for Strauss Troy LPA so that it may do business in Kentucky as a foreign corporation.

1

*Id.* As a result, Defendants argue, Strauss Troy PSC was improperly joined[1] and should therefore be ignored for the purpose of analyzing whether diversity jurisdiction exists. *Id.* The Court ordered Plaintiff to respond on the issues of improper joinder and diversity jurisdiction. (Doc. # 7). In her Motion to Remand, Plaintiff did not address the issue of improper joinder, instead conceding that "Strauss Troy Co., LPA does business in Kentucky using the name Strauss Troy Co., PSC" and arguing only that complete diversity does not exist because Strauss Troy LPA, like Plaintiff, is a citizen of Kentucky. (Doc. # 13).

## II.  Analysis

### A.  Standard of Review

A defendant may remove any civil action "of which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a). Once a case is removed, a plaintiff may bring a motion to remand under 28 U.S.C. § 1447(c). "[R]emoval statutes are to be narrowly construed," *Long v. Brando Mfg. of Am., Inc.*, 201 F.3d 754, 757 (6th Cir. 2000), and "all doubts as to the propriety of removal are resolved in favor of remand," *Coyne v. Am. Tobacco Co.*, 183 F.3d 488, 493 (6th Cir. 1999). The removing defendant bears the burden of establishing federal court jurisdiction by a preponderance of the evidence. *See Chapman v. Houston Welfare Rights Org.*, 441 U.S. 600, 612 n.28 (1979); *see also McNutt v. Gen. Motors Acceptance Corp.*, 298 U.S. 178, 189 (1936); *Everett v. Verizon Wireless, Inc.*, 460 F.3d 818, 829 (6th Cir. 2006).

---

[1]  The Court uses the term "improper joinder," rather than "fraudulent joinder," throughout this opinion. "Fraudulent" joinder is something of a misnomer—no fraud or bad motive on the part of the plaintiff is required. Instead, if the removing party can show that a plaintiff could not have established a cause of action under state law against the non-diverse party, then the Court will disregard the improperly joined party when analyzing diversity jurisdiction. *Coyne v. Am. Tobacco Co.*, 183 F.3d 488, 493 (6th Cir. 1999); 13F FED. PRAC. & PROC. JURIS. § 3641.1 (3d ed. 2017).

Under 28 U.S.C. § 1332, district courts have original jurisdiction of all civil actions where the amount in controversy exceeds $75,000 and where there is complete diversity of citizenship—meaning that "all parties on one side of the litigation are of a different citizenship from all parties on the other side of the litigation." *SHR Ltd. P'ship v. Braun*, 888 F.2d 455, 456 (6th Cir. 1989). When removal is based on diversity jurisdiction, the citizenship of the defendants as of the time of removal must be considered. *Rogers v. Wal-Mart Stores, Inc.*, 230 F.3d 868, 871 (6th Cir. 2000). However, the citizenship of improperly joined defendants is disregarded and "does not defeat removal on diversity grounds." *Coyne*, 183 F.3d at 493 (internal citations omitted).

For diversity jurisdiction purposes, "a corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business." 28 U.S.C. § 1332(c)(1). To determine the location of a corporation's principal place of business, courts look to the single place from which a corporation's officers direct, control, and coordinate the corporation's activities—the corporation's "nerve center." *Hertz Corp. v. Friend*, 559 U.S. 77, 81 (2010).

The single issue presented here is whether the parties are completely diverse. Neither party disputes the Plaintiff's or Defendant Ashdown's citizenship. Plaintiff is a citizen of Kentucky. (Doc. # 1-2 at 3). Defendant Ashdown is a citizen of Ohio. (Doc. # 1-2 at 4; Doc. # 1-4). If either Defendant Strauss Troy PSC or Strauss Troy LPA are citizens of Kentucky, complete diversity will not exist, and remand would be required.

**B.     Defendant Strauss Troy PSC should be disregarded.**

The Court first addresses whether Defendant Strauss Troy PSC should be disregarded for the purposes of diversity jurisdiction because it was improperly joined. In

her Motion to Remand, Plaintiff appears to concede that Strauss Troy PSC should be disregarded, making no attempt to argue that joinder was proper and instead focusing solely on the citizenship of Strauss Troy LPA. (Doc. # 13). However, because Defendants bear the burden of proving improper joinder and establishing diversity jurisdiction, the Court will look beyond Plaintiff's apparent concession to the proof offered by Defendants. *See Hertz*, 559 U.S. at 96 (citing *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994)).

According to an uncontested declaration filed by Strauss Troy LPA's Vice President, Strauss Troy PSC "is not a legal entity separately organized as a Kentucky or an Ohio corporation." (Doc. # 1-5 at ¶ 4). Rather, Strauss Troy PSC "is merely a fictitious name under which Strauss Troy LPA [is] registered to do business in the Commonwealth of Kentucky." *Id.*; *see also* Doc. # 1-6 (certificate of authority for Strauss Troy LPA to do business as Strauss Troy PSC in Kentucky). That declaration is consistent with Kentucky law, which allows a business incorporated in another state to seek a certificate of authority to transact business in the Commonwealth using "a fictitious name" if its "real name" "does not satisfy the requirements" of Kentucky law. KY. REV. STAT. ANN. §§ 14A.3-040, 14A.3-010(2)(a)(requiring the name of a professional services corporation to end in PSC). For that reason, Strauss Troy PSC is not a separate entity incorporated in Kentucky or in Ohio—Strauss Troy PSC is merely another name for Strauss Troy LPA, and any citizenship it possesses is the same as Strauss Troy LPA's.[2]

---

2    The Court notes that the removal statute also provides that "[i]n determining whether a civil action is removable on the basis of the jurisdiction under section 1332(a) of this title, the citizenship of defendants sued under fictitious names shall be disregarded." 28 U.S.C. § 1441(b)(1). Although Strauss Troy PSC is not a "fictitious name" like John Doe,

4

Because Strauss Troy PSC is not a separate entity with citizenship different than Strauss Troy LPA's, the improper joinder analysis is an imperfect fit. The general rule is that the citizenship of improperly joined defendants "will not defeat removal on diversity grounds." *Coyne*, 183 F.3d at 493. "To prove [improper] joinder, the removing party must present sufficient evidence that a plaintiff could not have established a cause of action against non-diverse defendants under state law." *Id.* "All doubts as to the propriety of removal are resolved in favor of remand." *Id.*

Defendants argue that Plaintiff's claims against Strauss Troy PSC arise under a respondeat superior theory (*see* Doc. # 1-2 at 11-12), but because Strauss Troy PSC "is not a separate legal entity" from Strauss Troy LPA, and "consequently, not Ms. Ashdown's employer, no claims can be asserted against it." (Doc. # 15 at 9; Doc. # 1-6 at ¶¶ 7-9 (declaration stating that Defendant Ashdown is an employee of Strauss Troy LPA)). Plaintiff does not contest this conclusion. The Court will disregard the citizenship of Strauss Troy PSC because Defendants have established that it is not a separate legal entity from Strauss Troy LPA against which any claims could be asserted, and was therefore improperly joined. Accordingly, the Court turns to Strauss Troy LPA's citizenship to determine whether complete diversity exists.

## C. Defendant Strauss Troy LPA is a citizen of Ohio.

A professional association organized under Ohio law, like Strauss Troy LPA, is a corporation. OHIO REV. CODE ANN. § 1785.08; *O'Neill v. United States*, 410 F.2d 888, 899

---

it is fictitious in the sense that Strauss Troy PSC is not a legal entity separate from Strauss Troy LPA. For that reason too, Strauss Troy PSC must be disregarded for the purposes of analyzing diversity jurisdiction.

(6th Cir. 1969).  The mere fact that Strauss Troy LPA also does business in Kentucky as Strauss Troy PSC does not make it a Kentucky citizen.  For the purposes of determining diversity jurisdiction, a corporation is a citizen of (1) the state where it is incorporated and (2) the state where it has its principal place of business.  28 U.S.C. § 1332(c)(1).  There is no dispute that Strauss Troy LPA is incorporated in Ohio.  (Doc. # 15-1 at ¶ 2; Doc. # 1-3 at 11).  The only remaining dispute is whether Strauss Troy LPA's principal place of business is in Ohio or Kentucky.

The principal-place-of-business question is controlled by the *Hertz* "nerve center" analysis.  *Hertz* explains that "the phrase 'principal place of business' refers to the place where the corporation's high level officers direct, control, and coordinate the corporation's activities," which "will typically be found at a corporation's headquarters."  *Hertz*, 559 U.S. at 81.  The *Hertz* Court called this place of direction, coordination, and control the "nerve center," and clarified that it was "not simply an office where the corporation holds its board meetings," but rather "the *actual* center of direction, control, and coordination" of the corporation's business.  *Id.* at 93 (emphasis added).  The nerve center is "a single place" where the top officers direct the company's business activities.  *Id.*

In this case, Defendants have proved by a preponderance of the evidence that Strauss Troy LPA's nerve center is in Ohio, not Kentucky.  Defendants note at the outset that Strauss Troy LPA's headquarters are in Cincinnati, Ohio.  (Doc. # 15-1 at ¶ 2).  Although *Hertz* explains that the corporate headquarters is "typically" where the nerve center is found, this fact is not dispositive.  *Hertz*, 559 U.S. at 81.  Strauss Troy LPA offers further evidence in support of its argument that its nerve center is in Ohio with a declaration of its President, Marshall Dosker.  (Doc. # 15-1).  Dosker explains that Strauss Troy LPA

has six primary officers, two of whom maintain offices in Kentucky in addition to Ohio (the other four have offices only in Ohio). *Id.* at ¶¶ 4, 7, 8; *see also* Doc. # 13-1. Dosker goes on to state that Strauss Troy LPA's "Board of Directors directs, controls, and coordinates the activities" of Strauss Troy LPA, "including the actions of the Officers." (Doc. # 15-1 at ¶ 9). "The Board of Directors meets no less than monthly and more frequently as required, and all such meetings are held in Cincinnati, Ohio. All Board members attend in person." *Id.* ¶ 11. In addition, he states that the Board of Directors makes "[a]ll decisions to direct, control, or coordinate the activities" of Strauss Troy LPA, "[t]he business of the firm is conducted through its Board of Directors," and "[t]he Board establishes all policies and procedures to be followed in conducting firm business." *Id.* at ¶¶ 5, 13.

Plaintiff has not disputed the facts contained in the declaration. Instead, she asserts that the meeting location of the board of directors is irrelevant under the *Hertz* nerve-center test and faults Strauss Troy LPA for failing to produce its bylaws that would explain the roles of other officers in the corporation.[3] Those arguments fail. The Court's conclusion that Strauss Troy LPA's nerve center in Ohio is not supported merely by the location of board meetings. In addition, Strauss Troy LPA offers proof that the direction, coordination, and control of the business—the high-level decisions that control the corporation's

---

3    Plaintiff insists that the Court focus only on the actions of a few "statutory" officers and ignore the Board of Directors entirely. (Doc. # 16 at 1-2). *Hertz* does not require such tunnel vision. *Hertz* requires courts to look for "the place of actual direction, control, and coordination" of the corporation. *Hertz*, 559 U.S. at 99. If the location of the Board of Directors provides evidence of "the center of overall direction, control, and coordination," the Court should not ignore it. *Id.* at 96. In fact, the case Plaintiff cites for support itself refers to the location of the annual meetings of shareholders and Board of Directors' meetings as proof of the company's nerve center. *Pegasus Indus., Inc. v. Martinrea Heavy Stampings, Inc.*, No. 3:16-cv-24-GFVT, 2016 WL 3043143, at *2 (E.D. Ky. May 27, 2016).

activities—are actually conducted at those frequent meetings in Ohio. Moreover, only two of the seven members of the Board of Directors and two of the six officers have offices in Kentucky—the rest have offices only in Ohio. (Doc. # 15-1 at ¶¶ 4, 7, 10; Doc. # 15 at 3).

Plaintiff further argues that the location of Strauss Troy LPA's headquarters is not dispositive of the "nerve center" test. (Doc. # 16 at 4). The Court agrees, and relies on more than Strauss Troy LPA's mere assertion that its headquarters are in Ohio to conclude that Ohio is its "nerve center." In this case, the headquarters and principal place of business are one and the same. Because the high-level officers of Strauss Troy LPA direct, control, and coordinate the activities of the company from Ohio, its "nerve center" is in Ohio.

Plaintiff claims this case is analogous to *Pegasus Industries, Inc. v. Martinrea Heavy Stampings, Inc.*, No. 3:16-cv-24-GFVT, 2016 WL 3043143 (E.D. Ky. May 27, 2016), a case where a district court found that a metallic plant's principal place of business was at its corporate headquarters in Canada, not at the plant's location in Shelbyville, Kentucky. *Pegasus Industries* is indeed analogous to this case—but not in the way Plaintiff suggests. Like in *Pegasus Industries*, in this case, an affidavit submitted by an officer of the defendant corporation "explains the organizational structure of the [Defendant corporation] and sheds light on the pertinent issue"—the location of the "nerve center." *Id.* at *2. The facts are much the same here, including that "significant corporate policy and oversight decisions" are made from the Cincinnati headquarters, not from a another office where day-to-day business is also conducted. *Id.* at *3. Therefore, Plaintiff's reliance on *Pegasus Industries* is misplaced.

In essence, Plaintiff's argument boils down to a contention that because two important corporate officers of Strauss Troy LPA practice law in Kentucky (in addition to Ohio), Kentucky must be the nerve center of the entire corporation. That is an assumption that *Hertz* rejects and the facts belie. *Hertz* acknowledges that there will be "hard cases" where "corporations may divide their command and coordinating functions among officers who work at several different locations," but specifically instructs courts to look *not* to where "business activities visible to the public" take place, but instead the location "where [the] top officers direct those activities." *Hertz*, 559 U.S. at 96. Despite Plaintiff's argument that Strauss Troy LPA's officers must direct the corporation from across the river in Kentucky because that is where their law offices are, the declaration filed by Dosker establishes the opposite.

Therefore, Strauss Troy LPA's principal place of business, like its place of incorporation, is in Ohio, not Kentucky. Accordingly, Strauss Troy LPA is a citizen of Ohio, not Kentucky. Complete diversity exists and this case is removable under 28 U.S.C. § 1441. The Court has subject-matter jurisdiction under 28 U.S.C. § 1332, and Plaintiff's Motion to Remand (Doc. # 13) is denied.

### III.  Conclusion

Accordingly, for the reasons stated herein,

**IT IS ORDERED** as follows:

(1)     Plaintiff Mary Kenney's Motion to Remand (Doc. # 13) is **DENIED**; and

(2)     Pursuant to Federal Rules of Civil Procedure 16 and 26, an Order for Meeting and Report will be entered and filed contemporaneously herewith.

This 6th day of June, 2017.



Signed By:
*David L. Bunning*
United States District Judge

K:\DATA\Opinions\Covington\2016\16-208 Kenney v. Strauss Troy Remand MOO.docx